UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIWAN SINGH, | No. 1:25-cv-1822 AC |
| Petitioner, | |
| v. | ORDER |
| SERGIO ALBARRAN, et al., | |
| Respondents. | |

On December 19, 2025, the court issued an order granting petitioner's motion for a temporary restraining order and directed respondents to immediately release petitioner from their custody. ECF No. 13. Respondents were also ordered to show cause why the court should not issue a preliminary injunction on the same terms as the temporary restraining order. Id. On December 22, 2025, respondents filed a response to the order to show cause, stating that they have nothing further to add to the arguments raised in their opposition to the motion for a temporary restraining order. ECF No. 14. Respondents rest upon their prior arguments and acknowledge that this will result in a preliminary injunction issuing on the same terms as the temporary restraining order. Id. Because the standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction, Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001), the court finds petitioner has

sufficiently shown that all four Winter[1] factors weigh in favor of granting injunctive relief for the same reasons as those stated in the order granting a temporary restraining order (ECF No. 13).

Accordingly, IT IS HEREBY ORDERED that:

1. A preliminary injunction shall issue on the same terms as set forth in the temporary restraining order (ECF No. 13).

2. Having released petitioner as required by the temporary restraining order, respondents shall not impose any additional restrictions on petitioner unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining petitioner unless respondents provide no less than seven days' notice to petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. At any such hearing, petitioner's counsel shall be allowed to be present.

4. This order shall remain in effect until the resolution of this action or until otherwise ordered by the court.

5. The parties are directed to meet and confer within three days from the service of this order for the purpose of submitting a joint proposed briefing schedule for the petition in this case.

6. The parties shall submit a joint proposed briefing schedule to the court no later than seven days from the date of this order.

DATED: December 31, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008).